JESSE GILLASPIE et al. v. STATE.

No. A-8970.   Dec. 13, 1935.
(52 Pac. [2d] 87.)

290

John Steele Batson and H. H. Brown, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiffs in error, Jesse Gillaspie and George Randolph, hereinafter referred to as the defendants, were convicted of the crime of assault and battery, and their punishment fixed at a fine of $100 each and the costs of the prosecution and confinement in the county jail for a period of thirty days.

The testimony in this case shows that the defendants were driving along the highway between Oswalt and Healdton, in Love county, and that Emmerson Hyman was driving along the same highway; that the defendants overtook Hyman and stopped his car, and they got in a row, complaining that Hyman had in some trial previous to. that time testified that the reputation of the defendants was bad and that they were whisky peddlers or bootleggers.

The prosecuting witness, Emmerson Hyman, claimed the defendants came to his car and insisted on getting him out, and tried to pull him out of the car, and Hyman claims they struck him with some kind of a crank, or something of the kind. This is denied by the defendants and other parties. It is admitted, however, that each of the defendants did fight the prosecuting witness; they fought there in the road, and quarreled and rowed for

some time; and a man by the name of Stevens advised other parties to drive on and not interfere with the parties, as it was none of their business.

Jesse Gillaspie was driving the car, and George Randolph was in the front seat; they were on the public highway about a mile west of where the road turns toward Leon and Wilson, and they drove about a mile north, and there was a car coming up from behind the prosecuting witness. The parties began blowing the horn. Hyman stated he let the car go by, and the car whipped up in front of him and stopped his car. The fight took place, and defendants deny they hit the prosecuting witness with anything but their fist, but they did at different times each of them have a fight with the prosecuting witness.

It is clearly shown by the testimony that the defendants stopped the prosecuting witness on the highway for the purpose of whipping him; that they each engaged in a fight with Hyman, and, when the fight ended, both the defendants and the prosecuting witness were bloody. Neither of the participants in the fight received any serious injury. The testimony clearly shows that the defendants are guilty of assault and battery; that no sufficient reason exists for a reversal of the judgment.

It is urged by the defendants that the punishment assessed by the jury is excessive. Considering all the facts and circumstances in the record, and the authority given to this court in section 3204, O. S. 1931, this court, in furtherance of justice, may modify a judgment appealed from by reducing the sentence. In view of the record in this case, we are persuaded the punishment is excessive, and that this is a case where a substantial reduction of the judgment and sentence pronounced by the trial court should be made, and the judgment will therefore be modi-

fied by reducing the sentence of each of the defendants from thirty days in the county jail and a fine of $100 and costs to a fine of $100 and costs, and, as thus modified, the judgment and sentence of the trial court will be, and is, affirmed.

EDWARDS and DOYLE, JJ., concur.